## DEAN DUDLEY *vs.* JAMES W. VOSE.

A dealer had contracted in writing to pay a specified sum for services rendered, "payable in trade." In an action against him upon the contract, *Held*, that the phrase "payable in trade" meant payable in such articles as the defendant dealt in; and that parol evidence was inadmissible to limit its application to a former unexecuted agreement subsisting between the parties for the purchase and sale of a specific article, to be paid for by the plaintiff partly in services and partly in cash.

CONTRACT for a breach of the following written agreement: "Boston, June 4, 1869. Mr. Dean Dudley. Please insert our advertisement in the Mechanics' Fair Journal and Directory, to occupy one page ; for which we promise to pay one hundred dollars upon publication of said directory and presentation of this order with a copy of the book. Payable in trade. James W. Vose."

At the trial in the Superior Court, before *Devens*, J., the plaintiff testified that the original order was signed by the defendant at its date ; that afterwards he published the advertisement, furnished the defendant with copies of the publications, and demanded payment of the one hundred dollars ; that the defendant declined to pay unless he would take a piano-forte, worth three or four hundred dollars, and pay the balance in cash; that he solicited the order ; that the defendant did not want to pay cash; that the plaintiff agreed to take pay in anything the defendant dealt in, and that he then wrote the order, and the defendant signed it.

On cross-examination, the defendant's counsel inquired of the plaintiff if he had another order or agreement signed by the defendant, or by the firm of Vose & Shattuck, and dated in 1867 or 1868. The plaintiff replied that he had had such a paper, but that it was destroyed in the great fire ; that it was an agreemen between Dudley & Greenough, a firm composed of himself and one Greenough, and Vose & Company, or Vose & Shattuck, and was in substance an agreement to advertise the firm of Vose & Company, or of Vose & Shattuck, taking in payment a piano-forte, for double the amount of his bill, and paying Vose & Company the difference in cash ; that after publishing one directory the plaintiff's firm was dissolved ; that he alone continued the pub-

lishing business under the name of Dean Dudley & Company, or
of Dean Dudley, and that he continued the defendant's card or
advertisements in his publications, and that, when he solicited the
order declared upon, the advertising done by the firm and by him-
self for the defendant's firm and for him, amounted to about $130.

The defendant then asked the plaintiff if he did not, when he
solicited the advertising named in the order declared upon, inform
the defendant that he wanted to do some more advertising, so
that the whole claim would amount to half the price of a piano.
The plaintiff objected to the question, and the court requested
the defendant's counsel to state what he proposed to show. The
counsel then stated that he expected to show that in 1868 the
plaintiff and one Greenough were engaged in publishing directo-
ries containing business cards and advertisements; that they pro-
cured an order from Vose & Company, a firm composed of the
defendant and one Shattuck, to advertise in their publications
their business card, as manufacturers of piano-fortes, agreeing to
take a piano-forte, and pay fifty per cent. in cash and fifty per
cent. in advertising; that after the publication of one directory
containing Vose & Company's advertisement, the firm of Dudley
& Greenough was dissolved; that the plaintiff then carried on
the publishing business on his own account, and continued to pub-
lish the defendant's business card, the defendant having dissolved
with Shattuck; that when the plaintiff solicited the advertising
named in the order declared upon, he stated to the defendant that
he wanted to do some more advertising in order to entitle him to
get a piano under their agreement; that when the defendant
agreed to give, and gave, the order declared upon, it was under-
stood and agreed between them that this amount was to go and
be reckoned with the other bills for advertising, under the first
agreement; that the words "payable in trade" were added for
that purpose by the defendant before signing, because the plain-
tiff did not have with him the other agreement upon which to
indorse the amount. The court ruled that such evidence was not
competent, and the defendant excepted.

The defendant then testified that after the publication of the
first advertisement of his firm in a directory by Dudley & Green-
ough, his firm was dissolved, and he continued to give the plain-

tiff, who was then publishing on his own account, advertisements, which were by mutual agreement indorsed on the agreement made between his firm and the plaintiff's firm; and then offered, for the purpose of substantiating his offer of proof, to give the conversation had between himself and the plaintiff when the order declared upon was given; but the court ruled that it wa not competent.

The court also instructed the jury that the words "payable in trade" meant payable in such articles as the defendant dealt in.

. The jury returned a verdict for the plaintiff, and the defendant excepted.

*N. Morse,* for the defendant.

*S. C. Bancroft,* for the plaintiff.

AMES, J.   By the terms of the written contract, the plaintiff, upon the rendering of certain specified services, was to receive as his compensation the sum of one hundred dollars, "payable in trade" — an expression which was correctly interpreted at the trial as equivalent to saying, "payable in such articles as the defendant dealt in."   The evidence offered by the defendant and excluded by the court was apparently designed to show that in that expression the parties referred to a previous negotiation to the effect that the plaintiff should purchase a piano of the defendant, or of a firm of which he had been a member, and should pay the price of it partly in cash and partly in such services as are described in the contract declared upon.   But there is nothing in the contract that binds the plaintiff to purchase a piano. All that he was required to do was to render the services.   The attempt on the part of the defendant was to limit the general expression, "payable in trade," to one special and separate transaction.   If such had been the meaning of the parties, it would have been a natural precaution to make use of language appropriate for the expression of that meaning.   We do not see how the general language of the contract can be limited to a special executory and unfinished negotiation without violating the rule that the terms of a written contract are not to be varied by proof of a contemporaneous oral agreement.   The evidence was there fore properly rejected, and the defendant's

*Exceptions are overruled.*